FILED
DALLAS COUNTY
12/9/2014 10:53:27 AM
GARY FITZSIMMONS
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-14-14252

| | | |
|---|---|---|
| **CURTIS RAY HALL** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **CHRISTOPHER A. COSGROVE and** | § | |
| **J.B. HUNT TRANSPORT, INC.,** | § | |
| | § | |
| **Defendants.** | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUEST FOR DISCLOSURE AND RULE 193.7 NOTICE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, CURTIS RAY HALL, Plaintiff in the above-entitled and numbered cause of action, complaining of Defendants, CHRISTOPHER A. COSGROVE, and J.B. HUNT TRANSPORT, INC., and in support thereof would respectfully show the Court as follows:

**I. DISCOVERY CONTROL PLAN**

1.1   Pursuant to Texas Rule of Civil Procedure 190.3, the discovery of this case is to be conducted under Level 2 Discovery Control Plan. Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

**II. PARTIES**

2.1   Plaintiff **Curtis Ray Hall** is a resident citizen of Ferris, Texas. The last 3 digits of her Texas commercial driver's license number are 909. The last three digits of his social security number are 608.

**EXHIBIT D**

2.2     Defendant **Christopher A. Cosgrove,** ("Defendant Cosgrove") is an individual resident of the State of Texas. This Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by delivering to the Defendant, in person, or mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition at his place of residence, **1340 Travis Lane, Kaufman, Texas 75142.**

2.3     Defendant **J.B. Hunt Transport, Inc.** ("Defendant J.B. Hunt Transport") is a foreign corporation licensed to transact business in Texas. This Defendant is subject to the Federal Motor Carrier Safety Regulations and the Texas Motor Carrier Safety Regulations. Pursuant to Texas Business Organizations Code, this Defendant can be served with process pursuant to TRCP 106(a)(1) and/or (2) by or mailing to the Defendant by registered or certified mail, return receipt requested, a true copy of the citation and petition to its registered agent, **Corporation Service Company** at **211 East 7th Street Suite 620, Austin, Texas 78707.**

### III. JURISDICTION AND VENUE

3.1     This Court has jurisdiction in this cause because the damages to Plaintiff are within the jurisdictional limits of this Court.

3.2     All or a substantial part of the events or omissions giving rise to the cause of action arose in Dallas County, Texas. Therefore, venue is proper in Dallas County pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

3.3     All conditions precedent have occurred.

### IV. FACTS

4.1     On or about May 28, 2014, at approximately 2:37 p.m., Plaintiff Curtis Hall, an Emergency Medical Technician, was driving an Allied EMS ambulance eastbound on the 2900 block of Wheatland Road in Dallas Texas, approaching the Wheatland Road – Kirnwood Drive

Intersection. At the same time, Defendant Cosgrove was traveling westbound on Wheatland Road towards the same intersection while operating a tractor-trailer owned by and in the course and scope of his employment with Defendant J.B. Hunt Transport. Defendant Cosgrove failed to yield the right-of-way and made an unprotected left turn onto Kirnwood Drive in front of Plaintiff as Plaintiff entered the intersection on a green light. Plaintiff was unable to bring his vehicle to a stop and collided with the front passenger side of the J.B. Hunt Transport tractor. Plaintiff sustained severe and permanent injuries as a result of the collision, for which Plaintiff now sues.

## V. DEFENDANT CHRISTOPHER A. COSGROVE

5.1 The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Cosgrove. The conduct of Defendant Cosgrove constituted negligence and/or negligence *per se* as that term is understood in law and such negligent and/or negligent *per se* conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit. This Defendant's negligent and/or negligent *per se* actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

    a.    failing to pay attention and to keep a proper lookout;

    b.    failing to yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard, in violation of Texas Transportation Code § 545.152;

    c.    failing to take proper evasive action;

    d.    failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

    e.    other acts of negligence and/or negligence *per se*.

One, some, or all of the foregoing acts and/or omissions on the part of Defendant Cosgrove constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VI. DEFENDANT J.B. HUNT TRANSPORT, INC.

6.1     At all times material to this lawsuit, Defendant J.B. Hunt Transport owned the vehicle driven by Defendant Cosgrove. At all times material to this lawsuit, Defendant Cosgrove was an employee of Defendant J.B. Hunt Transport and was acting within the course and scope of his employment with Defendant J.B. Hunt Transport. At all times material to this lawsuit, Defendant J.B. Hunt Transport was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or Texas Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant J.B. Hunt Transport was a statutory employer of Christopher A. Cosgrove under the Federal Motor Carrier Safety Regulations and the Texas Transport Code. Consequently, Defendant J.B. Hunt Transport is vicariously liable to Plaintiff for the negligent and/or negligent *per se* conduct of Defendant Christopher A. Cosgrove, under both common law and statutory law.

6.2     At all times material hereto, Defendant J.B. Hunt Transport was subject to the provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Motor Carrier Safety Regulations and as such owed a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision. The independent conduct of Defendant J.B. Hunt Transport constitutes negligence and/or negligence *per se* as that term is known in law. Such negligent and/or negligent *per se* acts or omission include, but are not limited to the following:

    a.    hiring and/or retaining Defendant Cosgrove whom it knew or should have known was a reckless or incompetent driver;

    b.    entrusting a vehicle to Defendant Cosgrove whom it knew or should have known was a reckless or incompetent driver;

    c.    failing to properly train Defendant Cosgrove in safe motor vehicle operation;

    d.    failing to properly supervise Defendant Cosgrove's driving activities;

    e.    failing to properly qualify Defendant Cosgrove; and/or

    f.    other acts of negligence and/or negligence *per se*.

One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant J.B. Hunt Transport constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Plaintiff injuries and damages.

## VII. GROSS NEGLIGENCE OF DEFENDANTS CHRISTOPHER COSGROVE AND J.B. HUNT TRANSPORT, INC

7.1    Defendant J.B. Hunt Transport's and Defendant Cosgrove's conduct amounted to gross negligence to the extent that their acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which these Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

## VIII. DAMAGES

8.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence *per se* of Defendants Christopher A.

Cosgrove and J.B. Hunt Transport, who at all times were acting jointly and severally, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

8.2  Plaintiff respectfully requests that the trier of fact determine the amount of Plaintiff's damages and losses that Plaintiff has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a. Physical pain and mental anguish;

    b. Loss of earning capacity;

    c. Disfigurement;

    d. Physical impairment;

    e. Medical care expenses; and,

    f. Out-of-pocket economic losses.

8.3  Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit. Plaintiff seeks monetary relief of more than $200,000 but less than $1,000,000.00.

8.4  Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

8.5  Because of the grossly negligent conduct of Defendant Cosgrove and Defendant J.B. Hunt Transport, Plaintiff seeks recovery for exemplary damages. Exemplary damages means any damages awarded as a penalty or by way of punishment. Exemplary damages include punitive damages. In determining the amount of exemplary damages the trier of fact should consider the following:

    a. The nature of the wrong;

      b.    The character of the conduct involved;

      c.    The degree of culpability of the wrongdoer;

      d.    The situation and sensibilities of the parties concerned;

      e.    The extent to which such conduct offends a public sense of justice and propriety; and

      f.    The net worth of the Defendant.

8.6    Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

      a.    Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

      b.    Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

      c.    Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

      d.    Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

      e.    Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

      f.    Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

      g.    Article One, Section Fifteen, and Article Five, Section Ten of the Texas Constitution, which guarantee the right to trial by jury in civil cases.

## IX. JURY DEMAND

9.1     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury.

## X. REQUEST FOR DISCLOSURE

10.1     Pursuant to Rule 194, request is made that each Defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a)-(l).  Each Defendant must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this request.  Failure to timely respond shall constitute an abuse of discovery pursuant to Texas Rule of Civil Procedure 215.

## XI. RULE 193.7 NOTICE

11.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants Christopher A. Cosgrove and J.B. Hunt Transport, Inc. be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER, P.C. & ASSOCIATES**

BY: _/s/ J. Martin Futrell_
**J. MARTIN FUTRELL**
State Bar No.: 24085777
The Tower at City Place, LB 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas 75204
Telephone: (214) 220-3202
Facsimile: (214) 220-3233
E-mail: mfutrell@jimadler.com

**ATTORNEYS FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: | COURT *(FOR CLERK USE ONLY)*: |
|---|---|
| STYLED: Curtis Ray Hall v. Christopher A. Cosgrove & J.B. Hunt Transport, Inc. | |

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

- **Name:** J. Martin Futrell
- **Email:** mfutrell@jimader.com
- **Address:** 2711 N Haskell Ave., Ste. 2500
- **Telephone:** 214-220-3203
- **City/State/Zip:** Dallas, Texas 75204
- **Fax:** 214-220-3233
- **Signature:** /s/ M. Futrell
- **State Bar No:** 24085777

### Names of parties in case:

- **Plaintiff(s)/Petitioner(s):** Curtis Ray Hall
- **Defendant(s)/Respondent(s):** Christopher A. Cosgrove & J.B. Hunt Transport, Inc.

*[Attach additional page as necessary to list all parties]*

### Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

### Additional Parties in Child Support Case:
- Custodial Parent:
- Non-Custodial Parent:
- Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

*Contract*
- Debt/Contract
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [ ] Fraud/Misrepresentation
  - [ ] Other Debt/Contract:
- Foreclosure
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

*Injury or Damage*
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability:
- [x] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

*Real Property*
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

*Related to Criminal Matters*
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Family Law**

*Marriage Relationship*
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

*Other Family Law*
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

*Post-judgment Actions (non-Title IV-D)*
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

*Title IV-D*
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

*Parent-Child Relationship*
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

### 4. Indicate damages sought *(do not select if it is a family law case)*:
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [x] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000